```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


MARK DOHERTY and                          *      CIVIL ACTION
FRANCES M. OLIVIER DOHERTY

versus                                    *      NO. 06-7710

STATE FARM FIRE & CASUALTY COMPANY,       *      SECTION "F"
TONY CINQUEMANO d/b/a TONY CINQUEMANO
INSURANCE AGENCY and LIBERTY BANK & TRUST
```

                            ORDER AND REASONS

Before the Court is plaintiffs' motion to remand. For the reasons that follow, the motion is GRANTED.

                                Background

The Dohertys' property was damaged by Hurricane Katrina. Some time before the storm, they had secured homeowners and flood insurance from State Farm through Tony Cinquemano Insurance Agency. The flood insurance policy was a Write-Your-Own (WYO) policy, underwritten through the National Flood Insurance Program (NFIP) operated by FEMA. They filed claims under both their homeowners and flood insurance policy. State Farm paid the Dohertys' flood damage claim to the full flood policy limits. The homeowners policy excludes coverage for damages caused by rising water, but provides coverage for wind and rain damage. State Farm denied coverage under the homeowners policy because it determined that the Dohertys' property damage was caused by the flooding from the levee breach after the storm.

The Dohertys sued State Farm, Tony Cinquemano, and Liberty Bank and Trust in state court on August 29, 2006. They assert claims for, among other things, failure to properly pay and adjust their claim under their homeowners policy, as well as claims for errors and omissions in the procurement of their insurance policies.

State Farm and Cinquemano removed the case to this Court on October 10, 2006, invoking this Court's original jurisdiction to adjudicate NFIP claims under 42 U.S.C. § 4072, federal question jurisdiction pursuant to 28 U.S.C. § 1331, federal officer removal jurisdiction under 28 U.S.C. § 1442, and original jurisdiction arising from any act of Congress regulating commerce under 28 U.S.C. § 1337.

The plaintiffs now move to remand.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co.,

2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006). The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has also been resolved. See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Newman v. Allstate Ins. Co., 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La. July 26, 2006)(Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.); Sullivan v. State Farm and Casualty Co., et al., 2006 WL 3332832 (E.D. La. Nov. 14, 2006) (Africk, J.).

This case is no different. Similar to the plaintiff's case in Landry,

> "[t]he case at hand is a cause of action for errors and omissions of State Farm's agent relating to his alleged failure to obtain ... coverage for Plaintiff's home. State Farm's liability arises through that agent and his extra-contractual duty of reasonable diligence; therefore, the Plaintiff's claims do not result from, relate to, or arise from State Farm's compliance with FEMA regulations under an NFIP policy."

The parties dispute whether this case involves policy procurement or handling of a flood insurance policy. The plaintiffs characterize their claims as a claims dispute under their homeowners policy with State Farm and an errors and omissions claim regarding initial procurement of insurance by Cinquemano. State

3

Farm and Cinquemano contend that the plaintiffs have also put at issue the handling and adjustment of their flood claim. Each of the defendants' arguments for federal jurisdiction somehow depend on their contention that the plaintiffs' claims implicate the NFIP. Their arguments fail.

The defendants seize on some language in the plaintiffs' complaint that "State Farm breached its duty of good faith dealings when it converted petitioners' flood funds to State Farm's account." The plaintiffs, however, insist that the adjustment of their flood claim is not at issue, principally because the policy limits have already been paid.[1] They say that their conversion claim concerns the additional living expenses provision of their homeowners policy and that such a claim does not present a substantial question of federal law so as to make this into a federal case. The Court agrees.

The plaintiffs assert claims concerning policy procurement that do not implicate the NFIP. The defendants insist that the plaintiffs have put at issue the question of how State

---

[1] In their motion to remand, the plaintiffs contend:
(1) Plaintiffs have made no claim under their SFIP because State Farm timely paid full policy limits on plaintiffs' flood claim;
(2) Plaintiffs have no pending or undpaid claims under their former flood policy;
(3) All funds under the flood insurance policy have been exhausted;
(4) Plaintiffs are not entitled to additional funds under their flood policy.

Farm handled their flood claim.  But defendants fail to convince the Court that resolution of the plaintiffs' claims would impact the federal treasury.  The statutory and regulatory scheme regulating flood insurance contemplates original exclusive federal jurisdiction over federal flood insurance policies for which the federal government would be responsible for reimbursing the WYO company if the claimant prevails; but no federal funds are at stake in this lawsuit.  (Even the defendants concede that "[s]imply put, State Farm has paid all payable benefits and nothing further is owed.")

The defendants' assertion that this Court has jurisdiction pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442, likewise fails.  State Farm's status as a WYO carrier is irrelevant to the plaintiffs' claims for negligence in policy procurement.  Indeed, in their motion to remand, the plaintiffs concede that "State Farm acted in conformity with its obligations under the National Flood Insurance Act."  A court resolving the plaintiffs' claims need not resort to federal flood insurance policy interpretation or the federal flood insurance statutory and regulatory scheme.  State Farm contends that it is FEMA's fiscal intermediary and therefore removal under this statute is appropriate.  But State Farm merely recites authority for the general proposition that federal regulations govern flood insurance.  This falls short of establishing that it acted pursuant

to a federal officer's directions and that a causal nexus exists between its actions under color of federal office and the Dohertys' claims.  See Rizzuto v. Tully, et al., 2006 WL 3332832, at *5 (E.D. La. Nov. 14, 2006)(Africk, J.)(citing Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387 (5th Cir. 1998)).

Finally, the defendants fail to show that this is a civil action arising under any act of Congress regulating commerce, 28 U.S.C. § 1337.  Again, the defendants' arguments for jurisdiction rest on the defendants' erroneous characterization of the plaintiffs' claims:  the defendants say that the claims implicate the National Flood Insurance Act.  Again, the Court disagrees. (The rest of the defendants' arguments suggesting that this Court should exercise jurisdiction over this case pursuant to the interstate commerce statute would federalize all claims relating to the insurance industry.  Congress, however, has not done so.)

Because the Court lacks subject matter jurisdiction over this suit, the plaintiff's motion to remand is GRANTED.  The case is hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, January 19, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE